## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BROADCAST MUSIC, INC., *et al.*,　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Plaintiffs,　　)
　　　　　　　　　　　　　　　　　　　)　　CIVIL NO. 3:15-215
　　　　　　　v.　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　JUDGE KIM R. GIBSON
GEORGE MOORE ENTERPRISES, INC.　　)
d/b/a TREASURE LAKE SKI LODGE and　)
GEORGE R. MOORE, individually,　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Defendants.　　)

### MEMORANDUM OPINION AND ORDER

## I.　　INTRODUCTION

This matter is before the Court on Plaintiffs' motion for default judgment against all Defendants. (ECF No. 11.) For the reasons that follow, the Court will **GRANT** Plaintiffs' motion.

## II.　　JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1338(a). Venue is proper under 28 U.S.C. § 1400(a).

## III.　　BACKGROUND

This case arises from claims of copyright infringement. Plaintiffs filed their complaint on August 20, 2015, alleging eleven claims of willful copyright infringement based upon Defendants' unauthorized public performances of musical compositions from Plaintiffs' repertoire. (ECF No. 1.) Plaintiffs seek injunctive relief, statutory damages, and

costs and attorneys' fees. (*Id.*) Plaintiffs' complaint was served upon Defendants on August 31, 2015. (ECF No. 8.)

On September 23, 2015, Plaintiffs requested that a default be entered against Defendants for their failure to answer the complaint or to otherwise move. (ECF No. 9.) The Clerk of Court entered a default against Defendants on September 24, 2015. (ECF No. 10.) On November 24, 2015, Plaintiffs filed the instant motion for default judgment against all Defendants (ECF No. 11) and included a brief in support of their motion (ECF No. 12). Plaintiffs seek injunctive relief, statutory damages, and costs and attorneys' fees. (ECF No. 11 at 1.) Plaintiffs also request that Defendants be required to pay interest on these awards. (*Id.* at 2.) Defendants have not responded to Plaintiffs' motion, and this matter is now ripe for disposition.

## IV.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 provides for entry of default when a defendant has "failed to plead or otherwise defend" an action. FED. R. CIV. P. 55(a). After a default has been entered by the Clerk of Court pursuant to Rule 55(a), a plaintiff may move for a default judgment pursuant to Rule 55(b). FED. R. CIV. P. 55(b).

In considering a motion for default judgment, a court must treat the allegations in the complaint as true. *Touchtown, Inc. v. DigitalSignGuys.com, LLC*, No. 2:10-CV-708, 2010 U.S. Dist. LEXIS 131477, at *2, 4 (W.D. Pa. Dec. 13, 2010). Though disfavored, the entry of default judgment is left to the discretion of the court. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1303 (3d Cir. 1995). In exercising its discretion, a court must consider: "(1)

prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). "When a defendant is in default and has not opposed the motion for default judgment, however, trial courts in this circuit give somewhat less deference to *Chamberlain*." *Smith Transp., Inc. v. Truck & Bus Wash, Inc.*, No. 3:06-CV-160, 2007 U.S. Dist. LEXIS 6431, at *3 (W.D. Pa. Jan. 30, 2007).

## V. DISCUSSION

### A. Entry of Default Judgment

The Court finds that the factors weigh in favor of granting default judgment. First, Plaintiffs will suffer prejudice if default is denied because they will be unable to proceed with their action and because their copyrighted works may continue to be infringed. *See, e.g.*, *Broad. Music, Inc. v. Kujo Long, LLC*, No. 1:14-CV-449, 2014 U.S. Dist. LEXIS 113180, at *5 (M.D. Pa. Aug. 14, 2014) ("Plaintiffs will be prejudiced both by their claimed lost revenues, and by their current inability to proceed with their action due to Defendants' failure to defend."); *Frank Music Corp. v. Emerson's Pub, Inc.*, No. 08-0532, 2009 U.S. Dist. LEXIS 22594, at *3 (M.D. Pa. Mar. 18, 2009) ("If default is denied, plaintiffs face the prejudice of being unable to proceed with this action and the potential continued infringement of their copyrighted works."). Second, Defendants do not appear to have a litigable defense because they have not asserted any defense to Plaintiffs' claims. Third, Defendants' delay is due to their culpable conduct because they have failed to appear or to defend this action. The Court will therefore enter judgment in favor of Plaintiffs.

**B.     Plaintiffs' Request for Injunctive Relief**

Pursuant to 17 U.S.C. § 502, Plaintiffs request that Defendants, their agents, servants, employees, and all persons acting under their permission and authority be enjoined and restrained from infringing the copyrighted musical compositions licensed by Plaintiff Broadcast Music, Inc. ("BMI").  (ECF No. 11 at 1.)  The Copyright Act provides that a court may grant temporary final injunctions "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a).  "'When past infringement and a substantial likelihood of future infringements is established, a copyright holder is ordinarily entitled to a permanent injunction against the infringer.'"  *Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 543 (E.D. Pa. 2008) (quoting *A & N Music Corp. v. Venezia*, 733 F. Supp. 955, 958 (E.D. Pa. 1990)).  In determining whether to grant a permanent injunction, a court must consider whether: (1) the moving party has shown actual success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest.  *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001).

The Court finds that granting Plaintiffs' request for a permanent injunction is warranted.  First, as discussed above, the Court must treat the allegations in the complaint as true.  *Touchtown, Inc.*, 2010 U.S. Dist. LEXIS 131477, at *2, 4.  Because Plaintiffs have set forth claims for copyright infringement in their complaint, they have shown actual success on the merits.  Second, Plaintiffs will be irreparably injured by the denial of

injunctive relief because there is sufficient evidence establishing that Defendants have ignored Plaintiffs' repeated warnings that their copyrights were being infringed. (*See* ECF No. 11-2.) It is therefore likely that Defendants will continue to violate Plaintiffs' copyrights in the future. *See Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1254 (3d Cir.1983) ("[A] a showing of a prima facie case of copyright infringement or reasonable likelihood of success on the merits raises a presumption of irreparable harm."). Third, because Defendants have ignored Plaintiffs' repeated warnings and have failed to defend this matter, a permanent injunction will not result in greater harm to them. Fourth, "an injunction which enforces federal copyright laws, and protects the rights and responsibilities defined by them, is by definition in the public interest." *Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d at 544-45.

Because all four factors have been satisfied, the Court will grant Plaintiffs' request for a permanent injunction. *See, e.g., Broad. Music, Inc. v. Longhorn Corral, Inc.*, No. 15-CV-950, 2016 U.S. Dist. LEXIS 4733, at *5-7 (W.D. Pa. Jan. 14, 2016) (granting a permanent injunction where the defendants ignored warnings by the plaintiffs that their copyrights were being infringed and failed to defend the action); *Kujo Long, LLC*, 2014 U.S. Dist. LEXIS 113180, at *8-10 (finding that a permanent injunction against copyright infringement was appropriate upon the entry of default judgment); *Broad. Music, Inc. v. Station House Irish Pub & Steakhouse, Ltd.*, No. 3:13-CV-2494, 2014 U.S. Dist. LEXIS 111288, at *7-8 (M.D. Pa. Aug. 12, 2014) (granting a permanent injunction because the defendants were likely to continue violating the plaintiffs' copyrights); *Broad. Music, Inc. v. Shane's Flight Deck, Ltd.*, No. 1:09-CV-2151, 2010 U.S. Dist. LEXIS 124501, at *2 (M.D. Pa. Nov. 24,

2010) ("[A] permanent injunction is warranted given the past and likely continued violations by defendant."); *Broad. Music, Inc. v. It's Amore Corp.*, No. 3:08-CV-570, 2009 U.S. Dist. LEXIS 55721, at *19-21 (M.D. Pa. June 30, 2009) (granting a permanent injunction because the plaintiffs established liability and demonstrated a threat of continuing infringement).

### C. Plaintiffs' Request for Statutory Damages

Plaintiffs seek statutory damages in the amount of $33,000.00, which represents an award of $3,000.00 for each of the eleven claims of infringement. (ECF No. 11 at 1.) The Copyright Act of 1976 provides that an infringer of copyright is liable for either actual damages and any additional profits of the infringer or statutory damages. 17 U.S.C. § 504(a). When a copyright owner elects to recover statutory damages, the infringer of copyright may be liable "in a sum of not less than $750 or more than $30,000 as the court considers just." *Id.* § 504(c)(1). In cases where the court finds that the infringement was committed willfully, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id.* § 504(c)(2).

"Statutory damages serve the dual purposes of compensation and deterrence: they compensate the plaintiff for the infringement of its copyrights; and they deter future infringements by punishing the defendant for its actions." *Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d at 544 (internal quotations omitted). In determining the appropriate award of statutory damages, courts should consider: "(1) expenses saved and profits reaped by the infringer; (2) revenues lost by the plaintiff; (3) the strong public interest in insuring the integrity of the copyright laws; and (4) whether the infringement

was willful and knowing or innocent and accidental." *Id.* "The district court has wide discretion as to the damages actually awarded." *Broad. Music, Inc. v. DeGallo, Inc.*, 872 F. Supp. 167, 169 (D.N.J. 1995) (citing *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984)).

The Court first finds that the record supports a finding that Defendants' infringement was willful. In support of their motion for default judgment, Plaintiffs have proffered the affidavit of Brian Mullaney, the Vice President of Sales and Licensing for BMI. (ECF No. 11-1.) Mr. Mullaney states that between September 26, 2013, and July 31, 2014, BMI sent twenty-two letters and e-mails advising Defendants that a license was required for the music that was being publicly performed at Treasure Lake Ski Lodge. (*See id.* at 2.) On August 6, 2014, BMI sent a letter instructing Defendants to cease the public performance of BMI-licensed music. (*Id.*) Between August 28, 2014, and November 26, 2014, BMI sent six additional letters and e-mails notifying Defendants of their legal obligations. (*Id.*) On March 3, 2015, BMI sent a cease-and-desist notice to Defendants. (*Id.*) In addition to sending letters and e-mails, BMI licensing personnel telephoned Treasure Lake Ski Lodge on 114 occasions and spoke to Defendant George R. Moore on three occasions. (*Id.* at 3.) BMI conducted an investigation in April 2015 and confirmed that BMI-licensed music was being publicly performed at Treasure Lake Ski Lodge. (*Id.* at 3-4.) In May 2015, BMI sent two letters advising Defendants of its investigation and stating that the matter had been referred to its attorneys. (*Id.* at 4.)

Because Defendants have repeatedly failed to obtain a license from BMI, the Court finds that they willfully violated the Copyright Act. *See, e.g., Kujo Long, LLC*, 2014 U.S.

Dist. LEXIS 113180, at *12-13 (concluding that the defendants acted willfully when the plaintiffs sent the defendants twenty-seven letters and telephoned the defendants forty-one times over a three-year period); *Shane's Flight Deck, Ltd.*, 2010 U.S. Dist. LEXIS 124501, at *4 n.1 (finding that the defendant acted willfully because "[d]espite 24 letters and 34 phone calls over a period of nearly three years, [it] has continued to infringe BMI-licensed musical compositions and refuses to obtain a performance license from BMI"); *It's Amore Corp.*, 2009 U.S. Dist. LEXIS 55721, at *22-23 (determining that the defendants' violation was willful where the plaintiffs repeatedly informed them of their infringing activity).

Regarding the expenses saved by Defendants and the revenues lost by Plaintiffs, Mr. Mullaney states that that estimated license fees between October 2013 and September 2014 would have been approximately $2,070.00, and the estimated license fees between October 2014 and September 2015 would have been approximately $2,088.00. (ECF No. 11-1 at 4-5.) Mr. Mullaney states that the current annual license fee is approximately $2,133.00. (*Id.* at 5.) Thus, Plaintiffs assert a total loss of $6,291 in potential licensing fees as a result of Defendants' refusal to enter into a licensing agreement.

Plaintiffs' request for an award of $3,000.00 for each of the eleven claims of infringement totals $33,000, over five times the unpaid licensing fees. In support of its contention that such an award is appropriate, Plaintiffs refer the Court to several decisions within the Sixth Circuit. (*See* ECF No. 12 at 3-4.) The Court finds these decisions unpersuasive and will instead follow well-settled law within the Third Circuit. The Court concludes that $1,700.00 per violation is a more appropriate number by which to calculate damages, for a total award of $18,700. An award of $18,700.00 is nearly three

times the unpaid licensing fee and will therefore serve to punish Defendants' willful conduct and to deter future misconduct. *See, e.g., Station House Irish Pub & Steakhouse, Ltd.*, 2014 U.S. Dist. LEXIS 111288, at *8-12 (rejecting the plaintiffs' request for statutory damages of $3,000.00 per copyright violation and awarding $1,700.00 per violation, which "would total the amount of licensing fees that defendants would have paid for the period in question plus an additional thirty-five (35) percent"); *Kujo Long, LLC*, 2014 U.S. Dist. LEXIS 113180, at *15-16 (awarding statutory damages in an amount that was "slightly less than three times the claimed lost fees"); *It's Amore Corp.*, 2009 U.S. Dist. LEXIS 55721, at *24-25 (awarding statutory damages in an amount of three and one-half times the cost of the licensing fees); *Shane's Flight Deck, Ltd.*, 2010 U.S. Dist. LEXIS 124501, at *4-5 n.2 (awarding statutory damages in an amount of three times the cost of the licensing fees); *Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d at 545 (awarding statutory damages in an amount of one and one-half times the cost of the licensing fees).

### D. Plaintiffs' Request for Costs and Attorneys' Fees

Plaintiffs seek costs, including reasonable attorneys' fees, in the amount of $6,757.00. (ECF No. 11 at 1.) A district court may, at its discretion, award costs and attorneys' fees to a prevailing party in a copyright infringement suit. 17 U.S.C. § 505; *Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d at 545. Factors for courts to consider include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)). Once a court has determined that awarding fees is

appropriate, the court "must then determine what amount is reasonable under the circumstances." *Id.* Factors to be considered are "the relative complexity of the litigation," the amount of fees charged to the client, "the relative financial strength of the parties," the damages, and whether bad faith existed. *Id.*

The Court will grant Plaintiffs' request for attorneys' fees. Plaintiffs filed this action as a result of Defendants' refusal to enter into a performance license with Plaintiffs and continuous willful infringement of Plaintiffs' copyrights. Defendants have failed to appear or to defend this action. Awarding attorneys' fees is therefore appropriate in this matter. *See Venezia*, 733 F. Supp. at 957 ("[A]n award of attorney's fees and costs will: (1) deter future copyright infringement; (2) ensure that all holders of copyrights which have been infringed will have equal access to the court to protect their works; and (3) penalize the losing party and compensate the prevailing party.") (internal citations omitted). *See also Longhorn Corral, Inc.*, 2016 U.S. Dist. LEXIS 4733, at *11-12 (finding that an award of costs and fees was appropriate because the defendants refused to enter into a licensing agreement or defend the action); *Station House Irish Pub & Steakhouse, Ltd.*, 2014 U.S. Dist. LEXIS 111288, at *13 (same); *It's Amore Corp.*, 2009 U.S. Dist. LEXIS 55721, at *26-27 (same); *Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d at 546 (same).

Regarding the amount of fees, Plaintiffs' counsel, Jonathan S. McAnney, has filed an affidavit detailing the basis for his fees. (*See* ECF No. 12-2.) Mr. McAnney states that when this matter was assigned to his law firm in August 2015, he reviewed the investigation file, infringement data sheets, Plaintiffs' correspondence to Defendants, and Plaintiffs' telephone logs. (*Id.* at 1-2.) Mr. McAnney's hourly rate is $330.00 per hour, and

the total amount of attorneys' fees incurred in this matter is $6,250.00. (*Id.* at 2.) The Court finds that Mr. McAnney's hourly rate is reasonable and appropriate. *See, e.g., Longhorn Corral, Inc.*, 2016 U.S. Dist. LEXIS 4733, at *12 (determining that Mr. McAnney's hourly rate of $330.00 was "reasonable and appropriate for an attorney of his experience in the Pittsburgh legal market"); *Kujo Long, LLC*, 2014 U.S. Dist. LEXIS 113180, at *18-19 (finding that an hourly rate of $450.00 was reasonable); *Shane's Flight Deck, Ltd.*, 2010 U.S. Dist. LEXIS 124501, at *5 n.3 (same). The Court further concludes that the 18.9 hours devoted to this matter are reasonable, given the nature and circumstances of the suit. *See, e.g., Longhorn Corral, Inc.*, 2016 U.S. Dist. LEXIS 4733, at *12 (determining that the 18.9 hours that Mr. McAnney spent on the matter was reasonable); *Shane's Flight Deck, Ltd.*, 2010 U.S. Dist. LEXIS 124501, at *5 n.3 (finding 18.8 hours devoted to the matter was reasonable); *It's Amore Corp.*, 2009 U.S. Dist. LEXIS 55721, at *28 (awarding attorneys' fees for 48.4 hours spent on the matter). The Court will also grant Plaintiffs' request for an award of $507.00 for the costs incurred in this matter. *See, e.g., Longhorn Corral, Inc.*, 2016 U.S. Dist. LEXIS 4733, at *12 (awarding $505.88 in costs); *Kujo Long, LLC*, 2014 U.S. Dist. LEXIS 113180, at *19 (awarding $619.30 in costs). Defendants will therefore be ordered to pay attorneys' fees in the amount of $6,250.00 and costs in the amount of $507.00.

## VI.    CONCLUSION

For the reasons stated above, the Court will grant Plaintiffs' motion for default judgment. Defendants will be permanently enjoined from any further infringement of Plaintiffs' copyrights in any manner. Defendants will be ordered to pay statutory

damages in the amount of $18,700.00. Defendants will also be ordered to pay attorneys' fees in the amount of $6,250.00 and costs in the amount of $507.00.

An appropriate order follows.

| | |
|---|---|
| BROADCAST MUSIC, INC., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL NO. 3:15-215 |
| v. | ) |
| | ) JUDGE KIM R. GIBSON |
| GEORGE MOORE ENTERPRISES, INC. | ) |
| and GEORGE R. MOORE, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**AND NOW**, this 22nd day of April, 2016, for the reasons set forth in the attached memorandum, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment (ECF No. 11) is **GRANTED** as follows:

1. Defendants George Moore Enterprises, Inc. d/b/a Treasure Lake Ski Lodge and George R. Moore and their agents, servants, employees, and all persons acting under their permission or authority shall be permanently enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by Broadcast Music, Inc.

2. Defendants are ordered to pay statutory damages in the amount of $1,700 for each of the eleven violations, for a total of $18,700.00, pursuant to 17 U.S.C. § 504(c) and 28 U.S.C. § 1961.

3. Defendants are ordered to pay attorneys' fees in the amount of $6,250.00 and costs in the amount of $507.00.

4. Defendants are ordered to pay interest on the statutory damages, attorneys' fees, and costs, pursuant to 28 U.S.C. § 1961.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter judgment in favor of Plaintiffs and against Defendants and shall mark this case closed.

**BY THE COURT:**

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**